# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RALPH BEATTY and LUCINDA BEATTY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Case No. 1:11-cv-170-TWP-DKL |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

Plaintiffs Ralph and Lucinda Beatty ("Plaintiffs") have brought this action against Defendant, the United States of America ("United States"), pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346. The United States seeks resolution of the Plaintiffs' claim through summary judgment grounded on the defense that Plaintiffs' lawsuit was not timely filed. Plaintiffs have opposed the motion for summary judgment.

For the reasons set forth in this Entry, the United States' motion for summary judgment [Dkt. #14] must be **GRANTED.**

## I. MATERIAL FACTS

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Plaintiffs as the non-movants, are undisputed for purposes of the motion for summary judgment:

The Claims Branch of the Department of Health and Human Services ("HHS") received an administrative tort claim under the FTCA from Ralph and Lucinda Beatty on behalf of Monty Rae Beatty, alleging that medical staff of Indiana Health Centers, Inc. provided negligent medical care

to Monty Rae Beatty, causing his death. On July 27, 2009, the HHS denied Plaintiffs' administrative tort claim, Claim No. 09-0266, by letter mailed by Certified U.S. Mail. Although the United States initially argued that it had not received any request for reconsideration from Plaintiffs, the Plaintiffs have produced a sworn statement that they mailed a request for reconsideration on January 27, 2010. Plaintiffs have also presented a copy of a certified mail receipt showing that a mailing from them was received by the HHS on February 2, 2010. Plaintiffs filed this lawsuit on January 26, 2011.

## II. ANALYSIS

The FTCA waives the United States' sovereign immunity for certain classes of tort claims, including claims for personal injury or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment...." 28 U.S.C. §1346(b)(1). Before bringing suit under the FTCA in district court, a plaintiff must first present a tort claim to the appropriate agency within two years of the claims' accrual. 28 U.S.C. §2401(b). If the administrative claim is denied, a plaintiff must act within six months to either file a request for reconsideration or file suit in district court. If neither of these procedures is followed, the claim is "forever barred" and the court lacks jurisdiction over the suit. *See* 28 U.S.C. §2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim* by the agency to which it was presented.") (emphasis added).

The denial of Plaintiffs' administrative tort claim sent on July 27, 2009, informed Plaintiffs that it constituted the notice of final determination on their claim. The denial notice also informed

Plaintiffs that if they were dissatisfied with the determination, they were entitled to: 1) file a written request with the agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of the determination (28 C.F.R. §14.9); or 2) file suit against the United States in the appropriate federal district court within six months from the date of mailing of the determination (28 U.S.C. §2401(b)).

The FTCA statute of limitations is to be narrowly construed. *McCall ex rel. Estate of Bess v. United* States, 310 F.3d 984, 988 (7th Cir. 2002). "[C]ourts must not construe the FTCA's limitation provisions 'so as to defeat [their] obvious purpose, which is to encourage the prompt presentation of claims'" and "courts should not 'extend the waiver beyond that which Congress intended.'" *Id*. (quoting *United States v. Kubrick*, 444 U.S. 111, 117 (1979)).

The issue presented in this case is whether Plaintiffs' request for reconsideration was timely filed. Plaintiffs mailed their request for reconsideration on the final day that their request would be deemed timely, January 27, 2010. The notice was not received, however, until six days later. The United States argues that the request for reconsideration is not considered "filed" until it is "received." Plaintiffs respond that if the statute of limitations begins to run upon mailing of the notice, then it is only fair to accept as the date of filing the date the request for reconsideration was mailed as well. Otherwise, they contend, they do not receive the full six month period in which to file their request. Plaintiffs' position is well-reasoned, unfortunately however, it is not supported by case law. Rather, case law provides that a request for reconsideration is "presented" when the agency "receives" the request from the claimant. *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994). "Mailing of a request for reconsideration is insufficient to satisfy the presentment requirement." *Id.*

3

Department of Justice regulations also support the government's position. "For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented *when a Federal agency receives* from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident...." 28 C.F.R. §14.2 (emphasis added). Although this regulation specifically addresses only an initial claim, courts have consistently held that requests for reconsideration are treated the same way. "Nowhere is there any indication that what constitutes presentment of a request for reconsideration is different from presentment of the claim itself." *Moya,* 35 F.3d at 504 (internal quotation omitted). *See also Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009) ("a plaintiff must demonstrate that the Federal agency was in actual receipt of the claim, whether on initial presentment or on a request for reconsideration.").

Plaintiffs respond that HHS regulations promulgated under the Program Fraud Civil Remedies Act ("PFCRA"), 31 U.S.C. § 3801, *et seq.*, support their position that an administrative claim is "filed" when it is mailed by certified mail. The court is not persuaded by that contention nor to its application to this case. After an administrative law judge issues a decision under the PFCRA, any party may file a motion for reconsideration within 20 days of receipt of the decision. 45 C.F.R. § 79.38(a). The regulation specifically provides that if service of the decision "was made by mail, receipt will be presumed to be five days from the date of mailing in the absence of contrary proof." *Id.* The court cannot simply overlay this regulation onto the FTCA regulations which do not contain this language. Moreover, the purpose of the FTCA is to provide a limited waiver of consent on the part of the United States to be sued by persons claiming personal injury or death. The PFCRA was enacted to allow federal agencies to recover penalties and assessments

4

from individuals who have obtained benefits or payments from the government by making false or fraudulent claims. 31 U.S.C. §3802. The disparity between the purposes of the two statutes precludes any analogy as far as receipt of requests for reconsideration are concerned.

The Court accepts for purposes of the motion for summary judgment Plaintiffs' evidence showing that their request for reconsideration was received by the HHS on February 2, 2010. Nonetheless, a reasonable fact-finder could not conclude that the United States *received* Plaintiffs' request for reconsideration within six months of the July 27, 2009, final denial. Therefore, the request for reconsideration was not timely filed. As an alternative, to have a timely claim, Plaintiffs would have to have filed a complaint in district court within the same six month period. It is undisputed that the complaint was filed a year and a half after the notice of final denial.

### III. CONCLUSION

Because there is no genuine issue of material fact as to the timeliness of the lawsuit, the United States is entitled to judgment as a matter of law. The United States' motion for summary judgment [Dkt. #14] must be **GRANTED** and the action dismissed for lack of subject matter jurisdiction. Judgment consistent with this Entry shall now issue.

SO ORDERED.

Date: 11/07/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

DISTRIBUTION:

Lucinda Beatty
2945 South Peoria Drive
Peru, Indiana   46970

Ralph Beatty
2945 South Peoria Drive
Peru, Indiana   46970

Monty Rae Beatty
c/o Ralph and Lucinda Beatty
2945 South Peoria Drive
Peru, Indiana   46970

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov